73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jose R. Guzman ZAYAS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7066.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Jose R. Guzman Zayas's appeal for lack of jurisdiction. Guzman Zayas opposes.
 
 
 2
 Guzman Zayas served on active military duty from August 1956 until August 1958. In 1990, Guzman Zayas was denied service connection for a lower back disability with a degenerative joint disease of the left hip and for a transurethral resection. The Court of Veterans Appeals remanded the case to the Board for readjudication following the translation of certain documents contained in Guzman Zayas's claims folder. On remand, the Board denied service connection. The Court of Veterans Appeals summarily affirmed the Board's decision, concluding that there was a "lack of any evidence showing that [Guzman Zayas's] back and hip conditions resulted from any in-service injury," and that there was "no evidence linking the alleged [urethral] injury in service with the condition that was diagnosed and treated 15 years after service." This appeal followed.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Guzman Zayas argues that the Court of Veterans Appeals failed to consider certain evidence, improperly applied the standard for granting summary affirmance, and did not grant him the benefit of the doubt. He does not challenge, however, the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision. In sum, Guzman Zayas is challenging factual determinations and the application of law to the facts his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.